NO JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROXIMA BETA PTE. LIMITED, d/b/a "Tencent Games" a Singapore Corporation, and KRAFTON, INC., a Korea Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW MARTIN a/k/a Asyhole; ANDRE SWIRSZCZUK a/k/a Girabaldi; SAMAD AHMED a/k/a Samad Hossain a/k/a Haxsamad, a/k/a Sharpshooter Bangladesh and DOES 1 through 6, inclusive,<br><br>Defendants. | Case No. 2:21-cv-2056 MWF (MRWx)<br><br>**DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |

In accordance with the Court's Order Granting Motion for Default Judgment (Docket No. 49) and pursuant to Rules 54(b), 55(b)(2), 58(b)(2), and 65 of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment be entered in favor of Plaintiffs Proxima Beta Pte. Limited and Krafton, Inc., and against Defendant Andre Swirszczuk only as follows:

1. **Damages**

Pursuant to 17 U.S.C. § 1203(b)(3) and 17 U.S.C. § 1203(c)(3)(A), Plaintiffs are hereby awarded damages in the amount of **$9,525,000.00**

2. **Permanent Injunction**

A permanent injunction is entered as followed: Defendant Andre Swirszczuk, and all persons acting under his direction or control, including but not limited to his agents, subsidiaries, representatives, and employees, who receive notice of this Permanent Injunction by personal service or otherwise, are immediately and permanently enjoined from any and all of the following activities:

(a) taking any steps on Defendant Swirszczuk's own behalf or assisting others in distributing, advertising, marketing, selling, reselling, uploading, downloading, offering for sale, or otherwise disseminating in the United States any software whose use circumvents technological measures that control access to Plaintiffs' games in the United States, or violates Proxima's End User License Agreement and Terms of Use (collectively, "TOU") with its U.S. customers, including but not limited to Sharpshooter or Cheatninja cheating software aimed at the mobile version of "Player Unknown's Battlegrounds" ("PUBGM") and any other software product designed to exploit or enable the exploitation of any game owned, published, or operated by Plaintiffs;

(b) obtaining, possessing, accessing, or using in the United States any software whose use circumvents technological measures that control access to Plaintiffs' games, or violates the TOU, including, but not limited to, Sharpshooter or Cheatninja cheating software aimed at PUBGM and any other software product designed to exploit or enable the exploitation of any game owned, published, or operated by Plaintiffs;

(c) assisting in any way with the creation or development in the United States of any software whose use circumvents technological measures that control access to Plaintiffs' games, or violates the TOU, including, but not limited to, Sharpshooter or Cheatninja cheating software aimed at PUBGM and any other software product designed to exploit or enable the exploitation of any game owned, published, or operated by Plaintiffs;

(d) publishing or distributing in the United States any source code or instructional material for the creation of any software whose use circumvents technological measures that control access to Plaintiffs' games or violates the TOU, including, but not limited to, Sharpshooter or Cheatninja cheating software aimed at PUBGM and any other software product designed to exploit or enable the exploitation of any game owned, published, or operated by Plaintiffs;

(e) selling, transferring, or assigning to any person or entity the intellectual property in any product (including the rights in any source code) whose use circumvents technological measures that control access to Plaintiffs' games, or violates the TOU, including, but not limited to, Sharpshooter or Cheatninja cheating software aimed at PUBGM and any other software product designed to exploit or enable the exploitation of any game owned, published, or operated by Plaintiffs;

(f) operating, assisting or linking to any website located in the United States or accessible to United States residents that is designed to provide information to assist others in accessing, developing, or obtaining any software whose use circumvents technological measures that control access to Plaintiffs' games, or violates the TOS, including, but not limited to, Sharpshooter or Cheatninja cheating software aimed at PUBGM and any other software product designed to exploit or enable the exploitation of any game owned, published, or operated by Plaintiffs;

(g) investing or holding any financial interest in any enterprise which Defendants knows or has reason to know is now, or intends in the future to be, engaged in any activities in the United States that are prohibited by this Judgment and Permanent Injunction;

(h) reverse engineering, decompiling, packet editing, or otherwise manipulating without authorization in the United States, any game owned, published, or operated by Plaintiffs or their subsidiaries, or providing assistance to any person or entity engaged in such activities.

### 3. Attorneys' Fees and Costs

Pursuant to 17 U.S.C. § 1203(b)(5) and Local Rule 55-3, Plaintiffs are awarded attorneys' fees against Defendant in the amount of **$194,100.00**

Pursuant to 17 U.S.C. § 1203(b)(4), Plaintiffs are further awarded costs in the amount of **$13,917.42.**

Accordingly, judgment is entered in favor of Plaintiffs Proxima Beta Pte. Limited and Krafton, Inc., and against Defendant Andre Swirszczuk for damages, attorneys' fees, and costs, in the total amount of **$9,733,017.42.**

Dated: November 10, 2021

MICHAEL W. FITZGERALD
United States District Judge