UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROXIMA BETA PTE. LIMITED, a Singapore Corporation, and KRAFTON, INC., a Korea Corporation,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ANDREW MARTIN a/k/a Asyhole; ANDRE SWIRSZCZUK a/k/a Giraldi; KULDIP PATEL; JESSE ZHANG; and DOES 1 through 6, inclusive,<br><br>　　　　Defendants. | CASE NO. 2:21-cv-2056 SPG (JEM*x*)<br><br>(Assigned to Judge Sherilyn Peace Garnett)<br><br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION** |

Having considered the Stipulation for Entry of Judgment by Plaintiffs Proxima Beta ("Proxima") and Krafton, Inc. ("Krafton") (together, "Plaintiffs"), on the one hand, and Defendant Zixi Zhang a/k/a Jesse Zhang ("Defendant" or "Jesse Zhang"),

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. Defendant, and all persons acting under his direction or control (including but not limited to his agents, subsidiaries, representatives and employees), are immediately and permanently enjoined from any and all of the following activities:

    (a) taking any steps on Defendant's own behalf or assisting others in distributing, advertising, marketing, selling, reselling, uploading, downloading, offering for sale, or otherwise disseminating in the United States any software whose use circumvents technological measures that control access to Plainitffs' games in the United States, or violates Proxima's End User License Agreement and Terms of Use (collectively, "TOU") with its U.S. customers, including but not limited to Sharpshooter, GMSPack, or CheatNinja cheating software aimed at the mobile version of "Player Unknown's Battlegrounds" ("PUBGM") and any other software product or service designed to exploit or enable the exploitation of any game owned, published, or operated by Plaintiffs;

    (b) obtaining, possessing, accessing or using in the United States any software whose use circumvents technological measures that control access to Plaintiffs' games, or violates the TOU, including but not limited to Sharpshooter, GMSPack, or CheatNinja cheating software aimed at PUBGM and any other software product or service designed to exploit or enable the exploitation of any game owned, published, or operated by Plaintiffs;

    (c) assisting in any way with the creation or development in the United States of any software whose use circumvents technological measures that

control access to Plaintiffs' games, or violates the TOU, including but not limited to Sharpshooter, GMSPack, or CheatNinja cheating software aimed at PUBGM and any other software product or service designed to exploit or enable the exploitation of any game owned, published, or operated by Plaintiffs;

   (d) publishing or distributing in the United States any source code or instructional material for the creation of any software whose use circumvents technological measures that control access to Plaintiffs' games, or violates the TOU, including but not limited to Sharpshooter, GMSPack, or CheatNinja cheating software aimed at PUBGM and any other software product or service designed to exploit or enable the exploitation of any game owned, published, or operated by Plaintiffs;

   (e) selling, transferring, or assigning to any person or entity the intellectual property in any product or service (including the rights in any source code) whose use circumvents technological measures that control access to Plaintiffs' games, or violates the TOU, including but not limited to Sharpshooter, GMSPack, or CheatNinja cheating software aimed at PUBGM and any other software product or service designed to exploit or enable the exploitation of any game owned, published, or operated by Plaintiffs;

   (f) operating, assisting or linking to any website located in the United States or accessible to United States residents that is designed to provide information to assist others in accessing, developing or obtaining any software whose use circumvents technological measures that control access to Plaintiffs' games, or violates the TOS, including but not limited to Sharpshooter, GMSPack, or CheatNinja cheating software aimed at PUBGM and any other software product or service designed to exploit or enable the exploitation of any game owned, published, or operated by Plaintiffs;

   (g) investing or holding any financial interest in any enterprise which Defendant knows or has reason to know is now, or intends in the future to be,

engaged in any activities in the United States that are prohibited by this Judgment and Permanent Injunction.

        (h)    reverse engineering, decompiling, packet editing, or otherwise manipulating without authorization in the United States, any game owned, published, or operated by Plaintiffs or their subsidiaries or providing assistance to any person or entity engaged in such activities.

    2.    The Court makes no finding on liability in this case, and Defendant has admitted no liability to Plaintiffs for any alleged wrongful activity or damages.

**IT IS SO ORDERED.**

DATED: May 24, 2023

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE